**SO ORDERED.**

**SIGNED this 27 day of October, 2006.**



_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| JEFFREY W. DROKE | 05-03962-5-ATS |
| DEBTOR | |
| | |
| JOSEPH N. CALLAWAY, TRUSTEE | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | S-06-00006-5-AP |
| KRISTINA DROKE | |
| Defendant. | |

### ORDER ALLOWING MOTION FOR SUMMARY JUDGMENT

The matter before the court is the plaintiff's motion for summary judgment. A hearing took place in Raleigh, North Carolina on October 26, 2006.

Jeffrey W. Droke filed a petition for relief under chapter 7 of the Bankruptcy Code on September 15, 2005, and Joseph N. Callaway was appointed trustee. On January 9, 2006, Mr. Callaway filed a complaint

in this adversary proceeding against the debtor's former wife, Kristina Droke, to recover sums she was to pay to the debtor pursuant to an equitable distribution order entered by the North Carolina District Court for Wake County on September 2, 2005. Ms. Droke, acting pro se, filed an answer on March 10, 2006, contending that the debtor failed to comply with certain terms of the order and, as a result, Ms. Droke was relieved of her obligations.

"[S]ummary judgment is proper 'if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). In making this determination, conflicts are resolved by viewing all facts and inferences to be drawn from the facts in the light most favorable to the non-moving party. United States v. Diebold, Inc., 369 U.S. 654, 82 S. Ct. 993 (1962). Summary judgment should not be granted unless the moving party establishes his right to judgment "with such clarity as to leave no room for controversy." Portis v. Folk Constr. Co., 694 F.2d 520, 522 (8th Cir. 1982).

The facts are largely undisputed. The state court entered a Consent Order for Equitable Distribution and Confirmation of Alimony Arbitration Award on September 2, 2005, with the following provision:

> Defendant [Ms. Droke] shall have sole use, ownership and possession of the marital residence located at 108 Arbor

> Forest Drive, Holly Springs, NC beginning on August 31, 2005.  Defendant shall permit Plaintiff [Mr. Droke] to remain the residence until no later than August 30, 2005.  Plaintiff shall make the mortgage payments for August, 2005.  At the time of the execution of this Agreement, Plaintiff shall execute a Non-Warranty Deed conveying his interest in the residence to Defendant.  *Within seven days of the execution of this Consent Order, Defendant shall pay to Plaintiff the sum of $7,500.*  Defendant shall be solely responsible for the mortgage payments associated with the residence (Chase mortgage and First Citizens equity line) from September 2005 forward.  Defendant intends to sell the residence as soon as possible.  Should Defendant not sell the residence, she shall make reasonable efforts to remove Plaintiff's name from the first and second mortgages within ninety days of the entry of this Order.  *Plaintiff will ensure that all personal property is removed from the marital residence and that the residence is clean, in good repair, and is readily marketable no later than August 30, 2005.*

Plaintiff's Memorandum in Support of Summary Judgment, Ex. B at 3 (emphasis added).  Ms. Droke wrote a check to Mr. Droke dated August 30, 2005, in the amount of $7,500.  However, on or before September 8, 2005, Ms. Droke directed the bank to stop payment on the check.  The trustee contends that the $7,500 is property of the bankruptcy estate, and that he is entitled to recover the funds pursuant to 11 U.S.C. § 541.

    Ms. Droke contends that Mr. Droke failed to comply with the order, specifically by failing to deliver the property in readily marketable condition.  Instead, Ms. Droke claims that she was required to expend substantial sums cleaning the property and replacing carpet.  It is her

3

belief that Mr. Droke's failure to comply with the order nullified her obligation to adhere to the terms of the order.

Though there is obviously a disputed issue with respect to the condition of the property, the question on summary judgment is whether the disputed issue is one of *material* fact.  In this case, the court can determine as a matter of law that Ms. Droke's performance under the terms of the order was not dependent upon Mr. Droke's compliance.  Accordingly, Ms. Droke is obligated to pay the $7,500 to Mr. Droke's bankruptcy estate.  To the extent she has claims against Mr. Droke arising out of the expenses incurred to make the property marketable, she may file a claim against the estate.[1]

The trustee also seeks additional damages as a result of the dishonored check pursuant to North Carolina General Statutes §§ 25-3-506 and 6-21.3.  Because Ms. Droke believed she was acting within her rights, the additional damages will not be allowed.

Based on the foregoing, the plaintiff's motion for summary judgment is **ALLOWED**, and Ms. Droke is directed to turn over $7,500 to the estate.  A separate judgment will be entered.

**SO ORDERED.**

**END OF DOCUMENT**

---

[1] Because this case was previously a "no asset" case, no claims bar date has been established.